**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 06-4540**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISMAIL SALEEM ABUHAWWAS,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Samuel G. Wilson, District Judge. (7:05-cr-00056-sgw)

—————————

Submitted: December 4, 2006      Decided: February 1, 2007

—————————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

—————————

John S. Edwards, LAW OFFICES OF JOHN S. EDWARDS, Roanoke, Virginia, for Appellant. John L. Brownlee, United States Attorney, C. Patrick Hogeboom, III, Roanoke, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ismail Saleem Abuhawwas appeals his convictions and sentence for eight counts of aiding or assisting the preparation of a materially false tax return, in violation of 26 U.S.C. § 7206(2) (2000), and one count of willfully making a material false statement to a federal government agent, in violation of 18 U.S.C. § 1001 (2000). Abuhawwas raises three issues on appeal. He argues that: (1) the evidence was insufficient to establish that he willfully filed false employer quarterly tax forms; (2) there was insufficient evidence to establish that he willfully made a materially false statement to an agent of the Federal Bureau of Investigation; and (3) the district court miscalculated the tax loss for purposes of determining the Sentencing Guideline range. Finding no error, we affirm.

We review the district court's denial of a motion for judgment of acquittal de novo. United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1401 (4th Cir. 1993). The standard of review for a denial of a motion for judgment of acquittal is "whether there is substantial evidence (direct or circumstantial) which, when taken in the light most favorable to the prosecution, would warrant a jury finding that the defendant was guilty beyond a reasonable doubt." United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982). In evaluating the sufficiency of the evidence, we do not weigh the evidence or review

the credibility of witnesses.  United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997).  Where the evidence supports differing reasonable interpretations, the jury decides which interpretation to believe.  Id.  Furthermore, "[t]he Supreme Court has admonished that we not examine evidence in a piecemeal fashion, but consider it in cumulative context."  United States v. Burgos, 94 F.3d 849, 863 (4th Cir. 1996) (en banc) (citations omitted).

To obtain a conviction under § 7206(2), the Government must prove that: (1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful.  United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996) (internal citations and quotations omitted).  Willfulness is defined as the voluntary and intentional violation of a known legal duty.  Cheek v. United States, 498 U.S. 192, 201 (1991).

The evidence in this case demonstrated that Abuhawwas hired a number of employees who did not have social security numbers and who were not paid through the normal course of business, but rather were placed on "Ismail's payroll."  While Abuhawwas contends that the reason these employees were not reported on the quarterly 941 tax returns is simply that his payroll service could not process them without social security numbers, this fact does not absolve him of responsibility to report

these payments to the Internal Revenue Service.  The evidence thus established that Abuhawwas was directly involved in hiring a subset of employees whose income was not reported to the IRS.  Although Abuhawwas claims that he was a "hands-off" owner who left tax matters to his accountant, his repeated failure to provide his accountant with necessary documentation provides ample evidence of "willfulness."

Abuhawwas also challenges the sufficiency of the evidence supporting his conviction for willfully making a material false statement to a federal government agent.  To prove a violation of 18 U.S.C. § 1001, the Government must establish that: (1) the defendant made a false statement to a governmental agency or concealed a fact from it, (2) the defendant acted "knowingly and willfully," and (3) the false statement or concealed fact was material to a matter within the jurisdiction of the agency. United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993) (internal citations omitted).  A material fact about a matter within the jurisdiction of an agency is one that has a "natural tendency to influence agency action or is capable of influencing agency action."  Id.

According to the testimony of FBI Agent Buckley, Abuhawwas made the statements at issue in the course of an investigation by the FBI and the Immigration and Naturalization Service into possible visa violations by one of Abuhawwas'

- 4 -

employees, Mohammed Abudan.  Abuhawwas told Buckley that Abudan was a contract employee who received a 1099 tax form at the end of the year and that appropriate withholdings were made from his pay.  The Government established at trial that this statement was false because Abudan did not receive a 1099 tax form nor were any withholdings made from his pay.

Although Abuhawwas claims to have been confused about these tax-related matters when he spoke to Buckley, when viewing the evidence in the light most favorable to the Government, the jury was entitled to conclude that Abuhawwas' statements that Abudan and other contract employees were being properly reported to the IRS were knowingly and willfully false.  Further, we conclude that these statements were material to the FBI's legitimate law enforcement activities.

Finally, Abuhawwas contends that the district court miscalculated the tax loss for purposes of determining the Sentencing Guideline range.  When reviewing the district court's application of the Sentencing Guidelines, this court reviews findings of fact for clear error and questions of law de novo. United States v. Green, 436 F.3d 449, 456 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006).  Determinations as to sentencing factors must be supported by a preponderance of the evidence.  United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).  According to Application Note 1 to U.S. Sentencing Guidelines Manual § 2T1.1

(2005),[*] "when indirect methods of proof are used, the amount of the tax loss may be uncertain." In these cases, "the guidelines contemplate that the court will simply make a reasonable estimate based on the available facts." Id.; see also United States v. Bryant, 128 F.3d 74, 75-76 (2d Cir. 1997) (district court may estimate amount of tax loss in § 7206(2) case).

At trial, IRS Special Agent Vance testified at length about the methodology used to determine the amount of tax loss. According to the "percentage method" routinely employed by the IRS to compute what should have been withheld by an employer for federal income tax, 27.5% is applied to the total amount of unreported wages paid to employees. The calculation assumes the employees are "single" with no exemptions. Abuhawwas did not present any alternative testimony as to how this loss should be calculated, and does not provide any support on appeal for his proposition that tax loss calculations must include the employees' possible dependants, deductions, or the Earned Income Tax Credit. Therefore, we find that the district court did not err in calculating the tax loss for purposes of determining Abuhawwas' base offense level.

Accordingly, we affirm Abuhawwas' conviction and sentence. We dispense with oral argument because the facts and

---

[*]Application Note 1 to § 2T1.1 is incorporated into Application Note 1 to § 2T1.4, which is the guideline applicable to Counts 1-8.

legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>